■ In the Matter of ZENOBIA CLOVIS, Appellant, v HENDRICKS CLOVIS, Respondent. [23 NYS3d 897]—

Appeal from an order of the Family Court, Orange County (Andrew P. Bivona, J.), dated April 3, 2014. The order, after a hearing, dismissed a petition alleging that the father violated an order of protection of that court dated January 3, 2013.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

The mother commenced this proceeding pursuant to Family Court Act article 8 alleging that the father violated the terms of an order of protection dated January 3, 2013, by communicating with her by mail. Specifically, instead of making his child support payments through alternate means, she alleged that the father knowingly and intentionally mailed to her seven checks for child support and that, on three of the checks, he had written offensive remarks in the memo portion. After a hearing, the Family Court stated that the memos on three checks "may be offensive." Yet the court, without explanation, found that the memos did not constitute a violation of the order of protection, and dismissed the petition. The mother appeals.

The Family Court erred in dismissing the mother's petition. The mother established by a fair preponderance of the evidence that the father, by mailing the child support checks, three of which contained offensive comments to the mother, willfully violated the order of protection, which expressly prohibited any form of communication by the father with the mother, including the use of mail (*see* Family Ct Act § 846-a; *Matter of Whitney B.*, 57 AD3d 771 [2008]; *Matter of Jazmone S.*, 48 AD3d 823 [2008]; *Matter of Christine G.*, 36 AD3d 615 [2007]). The father admitted at the hearing that he had communicated with the mother by mail, despite being aware that the order of protection prohibited such communication. Moreover, under the circumstances of this case and the history between the parties, the statements in the memo portion of three checks were, as stated previously, offensive. Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.